**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-62537-BLOOM/Valle

ALEJANDRO NELSON,

    Plaintiff,

v.

BP AMERICA PRODUCTION
COMPANY and BP EXPLORATION
& PRODUCTION, INC.,

    Defendants.
_____/

## OMNIBUS ORDER ON MOTION TO DISMISS AND MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon Defendants BP Exploration & Production, Inc. and BP America Production Company's (together, "Defendants") Motion for Sanctions for Plaintiff's Failure to Attend Court-Ordered Mediation, ECF No. [44] ("Motion for Sanctions"), and Defendants' Motion to Dismiss Pursuant to Rule 41(b), ECF No. [47] ("Motion to Dismiss"). The Court has carefully considered both Motions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion for Sanctions and the Motion to Dismiss are granted.

This case arises as a result of personal injuries allegedly sustained by Plaintiff Alejandro Nelson ("Plaintiff" or "Nelson") as a result of his participation in clean-up work following the Deepwater Horizon oil spill. Plaintiff filed the instant case in the United States District Court for the Eastern District of Louisiana, ECF No. [1]. On October 23, 2018, this case was transferred to this Court. *See* ECF Nos. [7], [8]. Thereafter, the Court entered its Scheduling Order, ECF No. [18], setting forth the applicable deadlines in this case. In the Motion for Sanctions, Defendants seek sanctions for Plaintiff's failure to attend the court-ordered mediation, which was scheduled

to take place on May 13, 2019, *see* ECF No. [32].  Moreover, in the Motion to Dismiss, Defendants request that the Court dismiss this case with prejudice for Plaintiff's record of delay and failure to comply with Court orders.  The Court considers each request in turn.

Local Rule 16.2 provides, in pertinent part, that "[u]nless excused in writing by the presiding Judge, all parties and required claims professionals (*e.g*., insurance adjusters) shall be physically present at the mediation conference (*i.e*., in person if the party is a natural person or by personal attendance of a corporate representative if the party is an entity) with full authority to negotiate a settlement." S.D. Fla. L.R. 16.2(e).  The Local Rule further provides that the "[f]ailure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court." *Id*.  In the Motion for Sanctions, Defendants assert that Plaintiff was not physically present at the mediation.  In addition, in the Mediation Report, ECF No. [40], the mediator noted that while counsel for Plaintiff was present at mediation, Plaintiff himself failed to appear.  Despite the opportunity to respond, Plaintiff has not disputed these facts.  Moreover, the Court did not excuse Plaintiff from the requirement that he be physically present at the mediation.  Therefore, upon review, the Court finds that sanctions are warranted in this case. Defendants shall recover the expenses they incurred in connection with the mediation, including one-half of the cost of Defendants' corporate representative's lodging for one night, Defendant' share of the mediation fee, and Defendants' counsel's time spent preparing for and attending mediation.

Next, in the Motion to Dismiss, Defendants seek dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Rule 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  "Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules." *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. 2006).

The Eleventh Circuit has "articulated a two-part analysis for determining when an action should be dismissed as a sanction: There must be both [1] a clear record of willful conduct and [2] a finding that lesser sanctions are inadequate. *Id.* (citing *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1339 (11th Cir. 2005) ("dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct")); *see also Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 212 (5th Cir.1976) ("[D]ismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the best interests of justice.") (quotations omitted).

"[F]indings satisfying both prongs of [that] standard are essential before dismissal with prejudice is appropriate." *Betty K,* 432 F.3d at 1339 (citing *Mingo v. Sugar Cane Growers Coop. of Fla.*, 864 F.2d 101, 102-03 (11th Cir. 1989)). When considering alternative sanctions, the Eleventh Circuit has counseled that "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Zocaras,* 465 F.3d at 483; *see also Boazman,* 537 F.2d at 212 (explaining "that lesser sanctions would suffice in all but the most flagrant circumstances").

However, the court's consideration of lesser sanctions need not be explicit. *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir.1999) ("Dismissal under Rule 41(b) is appropriate where there is . . . an implicit or explicit finding that lesser sanctions would not suffice."); *Zocaras,* 465 F.3d at 484 ("[W]e have made clear that such consideration need not be explicit"). Mere negligence or confusion is not sufficient to justify a finding of willful misconduct substantiating dismissal. *McKelvey v. AT&T Techs., Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986). Neither is inadvertent or isolated mistakes. *Betty K,* 432 F.3d at 1339-40. Nor, typically, is mere delay. *Boazman*, 537 F.2d at 211-12. By contrast, flagrant obstruction of the discovery process,

unjustified and extreme delay, and egregious misrepresentations to the court have each substantiated dismissal.

In this case, a sanction less than dismissal will not suffice because Plaintiff's failure to comply with Court orders and the delays caused by Plaintiff's failure to adhere to applicable deadlines cannot be attributed to negligence, confusion, or inadvertence. Nor has Plaintiff's non-compliance been shown to be isolated. As detailed in the Court's Order Following Hearing, ECF No. [45], and as reflected by the record, Plaintiff has failed to engage meaningfully in discovery, failed to comply with two orders to show cause issued by Judge Valle, and failed to appear for mediation. In addition, Plaintiff's counsel failed to appear at a properly noticed hearing, and Plaintiff and his counsel have now failed to comply with the Court's order requiring Plaintiff to provide properly verified and complete responses to Defendants' discovery requests. The Court cautioned Plaintiff and his counsel that the failure to comply with its Order Following Hearing would result in the entry of an order of dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. [45]. As a further act of noncompliance, the Court notes that Plaintiff has failed to timely respond to the Defendant's pending Motion to Dismiss in accordance with the Federal Rules of Civil Procedure. Overall, Plaintiff and his counsel's conduct in this case evinces a complete lack of respect for the Court, Defendants and Defendants' counsel. The Court agrees that a sanction less than dismissal would be insufficient.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Sanctions, **ECF No. [44]**, is **GRANTED**. Defendants shall file an itemized list of the amounts sought within fourteen (14) days of the date of this Order.


2. Defendants' Motion to Dismiss, **ECF No. [47]**, is **GRANTED**. This case is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

3. The Court will retain jurisdiction to enter appropriate orders to enforce its award of sanctions and taxing appropriate costs.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 19, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record