# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

## Case No. 18-CV-62537-BLOOM/VALLE

ALEJANDRO NELSON,

    Plaintiff,

v.

BP EXPLORATION & PRODUCTION INC. and BP AMERICA PRODUCTION COMPANY,

    Defendant.
_____/

## ORDER AWARDING ATTORNEY'S FEES PURSUANT TO RULE 37

THIS MATTER is before the Court on Defendants BP Exploration & Production Inc. and BP America Production Company's (collectively, "Defendants") request for attorney's fees. *See* (ECF No. 30). For the reasons set forth below, Defendants are awarded $4,080 in attorney's fees pursuant to Rule 37 of the Federal Rules of Civil Procedure.

### I.     BACKGROUND

On March 6, 2019, Defendants filed a motion to compel discovery seeking responses from Plaintiff Alejandro Nelson to their requests for production and interrogatories. (ECF No. 24). According to the undersigned's discovery procedures, Plaintiff's response was due March 13, 2019. (ECF No. 25). On March 18, 2019, after Plaintiff failed to respond, the undersigned entered an Order requiring Plaintiff to show cause by March 20, 2019 why the motion to compel should not be granted by default. (ECF No. 26). Plaintiff nonetheless failed to respond to the motion to compel and the Order to show cause. Accordingly, on March 21, 2019, the undersigned granted the motion to compel. (ECF No. 29). No fees were awarded on this motion.

Thereafter, on April 4, 2019, Plaintiff filed another motion to compel discovery (the "second motion to compel"), alleging that Plaintiff's responses to interrogatories 1-12, 14, 18, 19, and 22-25 were incomplete, and requesting attorney's fees under Rule 37. (ECF No. 30). Although Plaintiff's response was due on April 11, 2019, Plaintiff again failed to respond. (ECF No. 33). The undersigned ordered Plaintiff to show cause by April 16, 2019 why the motion should not be granted by default with Defendants awarded attorney's fees. (ECF No. 35). Plaintiff failed to respond. Consequently, the undersigned entered an Order granting plaintiff's second motion to compel and awarding Defendants reasonable attorney's fees for the cost of preparing the second motion to compel. (ECF No. 36). Additionally, the undersigned required Defendants to provide documentation to support their request for fees. (ECF No. 36). In compliance with this Court's order, Plaintiff submitted its attorney's hourly rates and billing statements to support its request for $4,800 in fees incurred in drafting the second motion to compel. (ECF Nos. 30, 37).

## II. LEGAL ANALYSIS

### A. The Lodestar Method of Determining Reasonable Fees

Courts in the Eleventh Circuit use the "lodestar" method to calculate the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, a court first determines the reasonable rate of an attorney's services and then determines whether the amount of hours expended by counsel was reasonable. *Id.* at 1299-1302. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299 (citation omitted). The relevant legal community is "the place where the case is filed." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (citation omitted). Additionally, "[i]n determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway*

2

*Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)."[1] The movant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," and "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.

When determining whether the amount of hours expended by counsel was reasonable, the court "must deduct time spent on discrete and unsuccessful claims." *Id.* at 1302. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Further, where a court finds the number of hours claimed by counsel is unreasonably high, the court may conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut, but not both. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### B. Reasonable Hourly Rate

Under the lodestar method, the undersigned first evaluates whether the rate submitted by counsel is reasonable for the South Florida legal market. The Court is deemed an expert on the issue of hourly rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1301). A

---

[1] The *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service; (4) preclusion of other employment due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 n.7 (1986). Additionally, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

reasonable hourly rate is determined by considering "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.*

Here, Plaintiff seeks reimbursement for attorney Mihai Vrasmasu from the law firm of Shook, Hardy & Bacon L.L.P. Mr. Vrasmasu is a partner at the law firm with more than ten years' experience litigating cases in both state and federal courts. Defendants request reimbursement at an hourly rate of $500 for Mr. Vrasmasu's services. Based on its experience, the Court finds that the matters involved in the second motion to compel were neither complex nor novel and do not support an award at $500 per hour. *See Hermosilla v. Coca-Cola Co.*, 10-21418-CIV, 2011 WL 9364952, at *12 (S.D. Fla. July 15, 2011) (Torres, Mag. J.) (awarding hourly rate of $425 in attorney's fees because matter was not "extraordinary" to support requested rate of $500-$600 for South Florida partners). The Court determines that $425 per hour is a more reasonable rate of pay for Mr. Vrasmasu's work in connection with the second motion to compel.

### C. Reasonable Hours Expended

Having determined counsel's reasonable hourly rate, the undersigned next determines the reasonableness of the hours expended by counsel. With regards to hours spent, fee applicants must exercise what the Supreme Court has termed "billing judgment." *Hensley,* 461 U.S. at 434. That means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301. Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Barnes*, 168 F.3d at 428.

Defendants request attorney's fees for 9.6 hours of work in drafting the motion to compel. (ECF No. 37 at 1, 4). According to Defendant's motion and supporting billing records, counsel

reviewed Plaintiff's discovery responses, conducted research in preparation for drafting the motion, drafted the motion to compel, and identified the exhibits for the motion. (ECF No. 37 at 1, 4). The Court finds these hours to be reasonable.

### III.  CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff shall pay Defendants **$4,080** in fees. This award is based on 9.6 hours of work at the reduced rate of $425 per hour. This payment shall be made to Defendants' counsel within 14 days of the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on July 2, 2019.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Beth Bloom
All Counsel of Record